## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| The Hertz Corporation, *et al.*,[1] | Case No. 20-11218 (MFW) |
| Debtors. | (Jointly Administered) |
| The Hertz Corporation, *et al.*, | Adv. Pro. No. 20-_____(MFW) |
| Plaintiffs, | |
| -against- | |
| HANNAH AYOUB, NICOLE STEVENS, SHONTRELL HIGGS, JULIUS BURNSIDE, MAGALIE STERLIN, ARTHUR STEPANYAN, HOWARD JUNIOUS, LAKETA COLLINS, MICHELLE JOHNSON, BRIAN STEINBERG, ANTWONE PERSON, MICHAEL KOSS, AMANDA KOSS, CHERYL YOUNG, STEPHANIE KEENE, JAMES KEENE, BARBARA FERNANDEZ, THOMAS JOHN CHANNELL, MICHAEL CHANNELL, JESSICA GURUMENDI, NANCY CULLEN-SMITS, RYAN SMITS, HENRY B. ESSICK III, BRENT D. WILLIAMS, SR., ALEXANDROS GIDER, CHRISTINA GIDER, ROULA VANGELIS, | |
| Defendants. | |

## <u>COMPLAINT FOR INJUNCTIVE RELIEF</u>

---

[1] The last four digits of The Hertz Corporation's tax identification number are 8568. The location of the debtors' service address is 8501 Williams Road, Estero, FL 33928. Due to the large number of debtors in these chapter 11 cases, for which joint administration for procedural purposes has been requested, a complete list of the debtors and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the debtors' claims and noticing agent at https://restructuring.primeclerk.com/hertz.

1.      The Hertz Corporation ("**Hertz**") and its affiliated debtors in the above-caption chapter 11 cases (the "**Chapter 11 Cases**"), as debtors and debtors in possession and plaintiffs in the above-captioned adversary proceeding (collectively, the "**Debtors**" or "**Plaintiffs**"), allege for their Complaint, upon knowledge of their own acts and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

2.      This is an adversary proceeding brought pursuant to Rules 7001 and 7065 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and sections 105 and 362 of title 11 of the United States Code (the "**Bankruptcy Code**") to extend the automatic stay under Bankruptcy Code section 362 to civil claims brought in various state-court actions (the "**Actions**")[2] against certain of the Debtors': (a) non-debtor corporate affiliates;[3] (b) current and

---

[2] The Actions to be stayed are as follows: (i) *Ayoub, et al. v. Hertz Global Holdings, Inc., et al.*, No. N20C-05-189 VLM, currently pending in the Superior Court, State of Delaware; (ii) *Vangelis, et al. v. Hertz Global Holdings, Inc., et al.*, No. 200501362, currently pending in the Philadelphia Court of Common Pleas, Commonwealth of Pennsylvania; (iii) *Williams v. The Hertz Corporation*, No. 19-CA-012657 (Tampa), currently pending in the Circuit Court of the 13th Judicial Circuit, Hillsborough County, State of Florida; (iv) *Cullen-Smits v. The Hertz Corporation*, No. CL19000548-00, currently pending in Fauquier County Circuit Court, Commonwealth of Virginia; (v) *Smits v. The Hertz Corporation*, No. CL19000547-00, currently pending in Fauquier County Circuit Court, Commonwealth of Virginia; and (vi) *Essick v. The Hertz Corporation, et al.*, No. 2019-cv-03424, currently pending in the Montgomery County Court of Common Pleas, State of Ohio.  The plaintiffs in the Actions are collectively referred to as "**False Police Report Plaintiffs**."

[3] The following non-Debtor entities have been named as Defendants in the Actions:  Hertz Investors, Inc., Hertz Vehicles LLC, Hertz Vehicle Financing LLC, Hertz Vehicle Financing II LP, and Byers Car Rental LLC.

AMERICAS 103140392

former directors, officers and employees;[4] and (c) former shareholders[5] (collectively, the "**Non-Debtor Defendants**").  The Actions purportedly relate to Hertz's asset recovery process and include claims of false imprisonment, negligence, malicious abuse of process, malicious prosecution, intentional infliction of emotional distress and negligent infliction of emotional distress.

3.      The Debtors seek an injunction to extend the automatic stay to the claims against the Non-Debtor Defendants to avoid the irreparable harm to the Debtors' restructuring efforts that would occur should these actions be allowed to continue.  Absent a stay, the Debtors' restructuring efforts will be hindered by their involvement in the Actions.  The Debtors' leadership would be required to prepare for and attend hearings, assist in preparing discovery responses, devote time preparing for and participating in depositions, and help analyze and develop the Non-Debtor Defendants' legal defenses.  In addition to draining the Debtors' money and resources, this work would distract the Debtors' directors, officers and employees from, among other things, negotiating and obtaining DIP financing during this critical preliminary stage of the Debtors' Chapter 11 proceedings, as well as ultimately negotiating and effectuating the Debtors' Chapter

---

[4] The following current and former Directors and Officers have been named as Defendants in the Actions: Jodi Allen, David A. Barnes, Tyler Best, Tom Callahan, SungHwan Cho, Frederic Deschamps, Richard E. Esper, Carolyn N. Everson, Jeffrey T. Foland, Richard Frecker, Mark Paul Frissora, M. David Galainena, Leslie Hunziker, Vincent J. Intrieri, Jamere Jackson, Matthew Jauchius, Henry R. Keizer, Tom Kennedy, Robin C. Kramer, Murali Kuppuswamy, Kathryn V. Marinello, Alexandreia Marren, Scott Massengill, Samuel Merksamer, Anindita Mukherjee, Daniel A. Ninivaggi, Opal G. Perry, Kevin M. Sheehan, Paul Stone, John P. Tague, and Eliana Zem.   The following current and former employees have been named as Defendants in the Actions: Kemal Basar, Kyle Ebert, Scott Funk, Ken Graeber, Richard W. Livingston, Diana Speer, and Julie Wilkerson.

[5] The following former shareholders have been named as Defendants in the Actions:  Icahn Associates Holding, LLC, Icahn Enterprises, Icahn Enterprises LP, Icahn Enterprises Holdings LP, Icahn Capital LP, and Icahn Enterprises GP, Inc.

AMERICAS 103140392

11 plan of reorganization. *See Declaration of Richard E. Esper in Support of Debtors' Motion for Preliminary Injunction* ("**Esper Decl.**") ¶¶ 4-7.

4.    Moreover, if the Actions are not stayed as against the Non-Debtor Defendants, the Debtors risk significant prejudice arising from contractual indemnification provisions in favor of certain of the Non-Debtor Defendants.  Additionally, because the Actions allege identical claims against the Debtors and Non-Debtor Defendants, the Debtors risk potential collateral estoppel and evidentiary taint arising from the Actions proceeding against any of the Non-Debtor Defendants.  Avoiding such harms would likely require the Debtors' direct and substantial involvement in the Actions, which would drain their resources, prejudice their other stakeholders and divert attention from the Debtors' paramount goal:  the successful confirmation and implementation of a plan of reorganization.

5.    On the other hand, the False Police Report Plaintiffs will not be materially prejudiced by staying the Actions.  The False Police Report Plaintiffs face no imminent risk of harm or loss that would arise from the Actions being stayed against the Non-Debtor Defendants.  Moreover, the False Police Report Plaintiffs can bring their claims against the Debtors for full and final adjudication by this Court pursuant to the bankruptcy claims process.

6.    Thus, the equities and the interests of justice weigh in favor of staying the Actions, and this Court should grant the requested injunctive relief.

## JURISDICTION AND VENUE

7.    This adversary proceeding arises in and relates to Debtors/Plaintiffs' cases pending before this Court under chapter 11 of the Bankruptcy Code.

8.    The Court has jurisdiction to consider this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United

4

States District Court for the District of Delaware, dated February 29, 2012.  This Court has subject matter jurisdiction over the claims against the Non-Debtor Defendants pursuant to 28 U.S.C. §§ 157 and 1334.

9.    This is a core proceeding under 28 U.S.C. § 157(b), and pursuant to Bankruptcy Rule 7008, the Debtors consent to the entry of a final order by the Court in connection with this adversary proceeding to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

10.    Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## THE PARTIES

11.    As described in the *Declaration of Jamere Jackson in Support of Debtors' Petitions and Requests for First Day Relief* [D.I. 28],[6] the Debtors (*i.e.*, the Plaintiffs in this adversary proceeding) are industry leaders in rental car services.

12.    The Defendants in this adversary proceeding are the False Police Report Plaintiffs, each of whom is party to an Action against the Debtors and certain Non-Debtor Defendants, claiming injuries allegedly arising from the Debtors' missing vehicle recovery process.

13.    Although not named parties in this adversary proceeding, the Non-Debtor Defendants comprise a range of individuals and entities connected to the Debtors' affairs, including certain of the Debtors' (a) non-debtor affiliates, (b) current and former directors, officers and employees, and (c) former shareholders.

---

[6] Docket numbers with a "D.I." reference refer to documents filed in the lead jointly-administered chapter 11 case, Case No. 20-11218 (MFW) (Bankr. D. Del.).

AMERICAS 103140392

## FACTUAL BACKGROUND

**The Debtors' Bankruptcy Proceeding**

14.     On May 22, 2020 (the **"Petition Date"**), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (collectively, the **"Chapter 11 Cases"**).  The Debtors continue to operate their businesses and manage their properties pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

15.     On May 27, 2020, this court granted Debtors' motion for entry of an order confirming the stay as to any and all proceedings or claims that were or could have been commenced before the commencement of the Debtors' Chapter 11 Cases, pursuant to section 362 of the Bankruptcy Code.  D.I. 184.

**The Actions**

16.     While the particulars of each Action vary, the False Police Report Plaintiffs cumulatively allege that Hertz and certain Non-Debtor Defendants falsely reported them to local law enforcement agencies for vehicle theft despite either being in authorized possession of Hertz rental cars, or having duly returned their rental cars.  They allege that these false police reports resulted from known technological issues and human errors affecting Hertz's asset recovery process for missing vehicles.  The False Police Report Plaintiffs further claim that they were wrongfully arrested and prosecuted on account of these false police reports, suffering various damages as a result.

17.     On July 24, 2019, Henry B. Essick III sued Hertz and a Non-Debtor Defendant[7] in Ohio state court, alleging counts of malicious prosecution or abuse of process, intentional infliction of emotional distress, and negligence or gross negligence, and seeking,

---

[7] Debtors' franchisee Byers Car Rentals, LLC.

among other things, monetary damages, attorneys' fees, and damages for loss of reputation and emotional pain and suffering.

18.     On November 22, 2019, Ryan Smits sued Hertz and several Non-Debtor Defendants[8] in Virginia state court alleging counts of false arrest, abuse of process, malicious prosecution, intentional infliction of emotional distress and negligence, and seeking, among other things, punitive damages, compensatory damages, and exemplary damages "to punish [the] Defendant[s]" and "to set an example for others."  On that same date, Nancy Cullen-Smits (Mr. Smits's mother) filed a substantially identical complaint in the same court.

19.     On December 13, 2019, Brent D. Williams, Sr. sued Hertz and certain Non-Debtor Defendants[9] in Florida state court alleging counts of malicious prosecution, abuse of process, intentional or negligent infliction of emotional distress and negligence or gross negligence, and seeking, among other things, punitive damages, compensatory damages, and exemplary damages "to set an example for others."

20.     On May 21, 2020, Roula Vangelis, on behalf of her minor children (Alexandros and Christina Gider) and "similarly situated plaintiffs," sued the Debtors and several Non-Debtor Defendants[10] in Pennsylvania state court, alleging counts of negligence, false arrest or imprisonment, malicious abuse of process, malicious prosecution, and intentional or negligent infliction of emotional distress, and seeking, among other things, punitive damages, compensatory damages, and exemplary damages "to set an example for others."

---

[8] Former director and officer Kathryn V. Marinello and current employees Julie Wilkerson and Kemal Basar.

[9] Former director and officer Mark Paul Frissora and current employee Julie Wilkerson.

[10] Current and former employees Kyle Ebert, Scott Funk, Ken Graeber, Richard W. Livingston, Diana Speer, and Julie Wilkerson.

AMERICAS 103140392

21.     Also on May 21, 2020, a group of 20 plaintiffs (led by plaintiff Hannah Ayoub) sued the Debtors and approximately 40 Non-Debtor Defendants[11] in Delaware state court alleging counts of malicious prosecution, abuse of process, false arrest or imprisonment, intentional or negligent infliction of emotional distress, negligence or gross negligence, negligent supervision and management, and unfair trade practices, and seeking, among other things, punitive damages, compensatory damages, and exemplary damages "to set an example for others."

## Procedural History

22.     The Debtors understand that the lawyer for the False Police Report Plaintiffs in each of the Actions is Francis Malofiy of Francis Alexander, LLC in Media, PA.  In February 2020, Mr. Malofiy sent Hertz's former CEO a letter on behalf of certain of the False Police Report Plaintiffs, demanding significant payment to resolve the claims at issue in the Actions. *Declaration of Samuel P. Hershey* (the "**Hershey Decl.**"), Ex. A.  Mr. Malofiy threatened to begin filing additional lawsuits if Hertz did not "timely address" his demands. *Id.* at 2.  Mr. Malofiy also advised Hertz to "[n]ote that because some of the demands exceed Hertz's self-insured limit of $10 million per occurrence, you should notify your excess coverage insurer." *Id.*

23.     Hertz immediately began investigating Mr. Malofiy's claims.  By the time it finished its investigation one month later, Hertz had determined that Mr. Malofiy's clients' false arrest claims were generally meritless and his claims of systematic failures were baseless.

---

[11] Current and former directors and officers Jodi Allen, David A. Barnes, Tyler Best, Tom Callahan, SungHwan Cho, Frederic Deschamps, Richard E. Esper, Carolyn N. Everson, Jeffrey T. Foland, Richard Frecker, Mark Paul Frissora, M. David Galainena, Leslie Hunziker, Vincent J. Intrieri, Jamere Jackson, Matthew Jauchius, Henry R. Keizer, Tom Kennedy, Robin C. Kramer, Murali Kuppuswamy, Kathryn V. Marinello, Alexandreia Marren, Scott Massengill, Samuel Merksamer, Anindita Mukherjee, Daniel A. Ninivaggi, Opal G. Perry, Kevin M. Sheehan, Paul Stone, John P. Tague, and Eliana Zem; former shareholders Icahn Associates Holding, LLC, Icahn Enterprises, Icahn Enterprises LP, Icahn Enterprises Holdings LP, Icahn Capital LP, and Icahn Enterprises GP, Inc.; and non-debtor corporate entities Hertz Investors, Inc., Hertz Vehicles LLC, Hertz Vehicles Financing LLC, and Hertz Vehicle Financing II LP.

AMERICAS 103140392

24.     After receiving this information, Mr. Malofiy did not withdraw or in any way revise his demands.  Rather, late on May 21, 2020—the day before news reports projected Hertz was likely to (and did in fact) file bankruptcy petitions—Mr. Malofiy filed two additional lawsuits against Hertz: the *Ayoub* action (a mass tort action) and the *Vangelis* action.

25.     There has been no activity in five of the six Actions beyond the filing of the complaints.[12]  The sixth case, *Essick*, was in the initial phases of discovery when it was dismissed without prejudice owing to Hertz's bankruptcy.

## COUNT ONE

### (Injunction Staying the Actions Against Non-Debtor Corporate Entities)

26.     The Debtors repeat and re-allege the allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein.

27.     The Debtors seek an injunction to stay the Actions against the non-debtor corporate entities under Section 105(a) of the Bankruptcy Code until the closing of the Debtors' bankruptcy cases.

28.     Pursuant to Section 105(a), a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Relief under Section 105 is particularly appropriate in a chapter 11 case, such as this, where it is necessary to protect the Debtors' ability to successfully navigate the restructuring process, including effectively negotiating and confirming a plan of reorganization.

---

[12] As noted above, the *Ayoub* and *Vangelis* cases were filed on the eve of Hertz's bankruptcy; Hertz has not been served in the *Cullen-Smits* or *Smits* cases; and although the *Williams* case was filed in December 2019, Mr. Malofiy did not effectuate service on Hertz until May 22, 2020 (*i.e.*, the day Hertz filed for bankruptcy protection).

AMERICAS 103140392

A bankruptcy court may, therefore, issue an injunction under Section 105 to stay actions against non-debtors.

29.     There is a substantial likelihood that the Debtors will be able to confirm a plan of reorganization, especially if its key officers, directors, and employees are permitted to focus on restructuring efforts without the distraction and drain on their time and resources occasioned by the defense of the Actions.

30.     Absent an order enjoining the Actions, the Debtors will suffer irreparable harm that will threaten the integrity of the underlying bankruptcy proceeding.  Should the Actions continue against non-debtor corporate entities, key personnel, including senior management, may be substantially distracted by the efforts necessary to prepare for and attend hearings, to assist in preparing pleadings and discovery responses, to spend time preparing for and participating in depositions, and to help analyze and develop the Debtors' legal defenses.  Defending the Actions would also impose a significant financial burden on the Debtors—including, but not limited to, attorneys' fees and costs, discovery, motion practice, trial preparation and trial.  This would divert the Debtors' precious time, resources, and attention away from the work necessary to complete critical restructuring tasks.

31.     Indeed, it is especially crucial that the Debtors are free to focus on the reorganization of the Debtors' estates at this preliminary stage of restructuring, when important milestones such as the procurement of DIP financing, the claims process, and the negotiations leading to a plan of reorganization all lie ahead.

32.     In addition, because the Debtors' involvement in handling the car rentals and subsequent reporting of theft are at the core of the issues raised in all of the claims against the non-debtor corporate entities, the Debtors share an identity of interest with the non-debtors such

that those suits are essentially against the Debtors (one or more of whom are parties to each of the Actions). In the absence of a stay, the Debtors would face the risk of collateral estoppel and evidentiary taint, given that the allegations against the Debtors in the Actions are substantially identical to the allegations against the Non-Debtor Defendants.

33.     The balance of hardships also weigh in favor of staying the Actions against the non-debtor corporate entities. None of the individual plaintiffs will be harmed by the requested injunctive relief because the False Police Report Plaintiffs are no longer in custody (to the extent they ever were) and face no imminent harm if the stay were to be extended to non-debtors. Indeed, the damages that the False Police Report Plaintiffs seek relate to events that have occurred in the past, and not to harms that may conceivably injure them in the future.

34.     Additionally, there is a substantial likelihood that the Debtors will successfully restructure. Their cases are proceeding apace, and they remain on track to achieve a successful reorganization. Moreover, given that the Debtors are in the early stages of the bankruptcy, any uncertainty regarding the restructuring should be resolved in the Debtors' favor.

35.     Enjoining the Actions against the non-debtor corporate entities will also further the public interest by promoting Hertz's restructuring efforts, to the benefit of its many stakeholders and tens of thousands of employees.

36.     Conversely, the Debtors' failure to reorganize would likely result in a liquidation of the Debtors' assets. In that event, the Debtors would be forced to shutter hundreds of its airport and off-airport rental sites—thereby hampering the flow of local and international travel, reducing competition in the car rentals industry, and causing the loss of tens of thousands of jobs.

11

37.     An injunction staying the Actions against the non-debtor corporate entities is therefore appropriate.

## COUNT TWO

**(Injunction Staying the Actions Against**
**Current and Former Directors, Officers, and Employees of the Debtors)**

38.     The Debtors repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

39.     Absent an order enjoining the Actions, the Debtors will suffer irreparable harm that will threaten the integrity of the underlying bankruptcy proceeding.  A number of key directors, officers, and employees serve critical roles for the Debtors and will be essential to the effort to consummate a plan of reorganization and successfully restructure.  Esper Decl. ¶¶ 4-7. Should the Actions continue, key personnel, including senior and regional management, would be substantially distracted by the efforts necessary to prepare for and attend hearings, to assist in preparing pleadings and discovery responses, to spend time preparing for and participating in depositions, and to help analyze and develop the Debtors' legal defenses. *Id.* ¶ 7. Defending the Actions would also impose a significant financial burden on the Debtors—including, but not limited to, attorneys' fees and costs, discovery, motion practice, trial preparation and trial.  *Id.* This would divert the Debtors' precious time, resources, and attention away from the work necessary to complete critical restructuring tasks.  Additionally, the Debtors and their estates may have to bear substantial insurance liabilities and indemnification obligations relating to their directors, officers and employees.

40.     Further, as noted above, there is a substantial likelihood that the Debtors will successfully confirm a plan of reorganization, especially if their directors, officers and employees are not distracted by litigation.  Additionally, as noted above, if the Actions proceed

against non-Debtors such as the Debtors' current and former directors, officers and employees, the Debtors risk collateral estoppel and evidentiary taint in the Actions as well as in possible future actions.

41.     Moreover, as noted above, the balance of the harms and the public interest weighs in favor of enjoining the Actions against the Debtors' current and former directors, officers and employees.   The False Police Report Plaintiffs would not be harmed by the requested injunctive relief.

42.     An injunction staying the Actions against the Debtors' current and former directors, officers, and employees is therefore appropriate.

## COUNT THREE

**(Injunction Staying the Actions Against
Former Shareholders of the Debtors)**

43.     The Debtors repeat and re-allege the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

44.     As noted above, the Debtors will suffer irreparable harm threatening the success of their bankruptcy cases absent an order enjoining the Actions from proceeding against the Debtors' former shareholders.  Indeed, absent an injunction, the Debtors will be forced into an impossible catch-22 situation.   If the Debtors do not participate in the Actions, their business reputation would be jeopardized, and they would risk exposing themselves to collateral estoppel and evidentiary prejudice.  However, participating in the Actions will likely involve and divert the attention of the Debtors' senior management and incur substantial expense to the Debtors' estates.  And, in any case, the litigation against the former stockholders would likely require the Debtors to participate in discovery and produce a substantial amount of documents.  Thus, the Debtors would

AMERICAS 103140392

be required to waste resources that would be better directed toward the restructuring efforts.  *Id.* ¶¶ 6, 7.

45.    Further, as noted above, there is a substantial likelihood that the Debtors will successfully confirm a plan of reorganization so long as the Debtors' executives are unhindered by the Actions and the drain on resources they present at this critical juncture.

46.    The balance of the hardships favors a stay as the irreparable harm to the Debtors outweighs any potential harm to the False Police Report Plaintiffs.  Staying the Actions against the former shareholders would merely delay the litigation, as the False Police Report Plaintiffs can resume their claims against the former shareholders at a later time.  Staying these cases for a brief, finite amount of time will not prejudice the False Police Report Plaintiffs, who have yet to even begin discovery.  This temporary inconvenience posed by the requested relief does not outweigh the potential harms to the Debtors—namely, a failed restructuring—if the Actions are allowed to proceed against the former shareholders.

47.    Moreover, the public interest weighs in favor of enjoining the Actions against the former shareholders, as it will allow the Debtors to reorganize without unnecessary risks or distractions, to the benefit of the Debtors' many stakeholders, employees and customers.[13]

48.    An injunction staying the Actions against the Debtors' former stakeholders is therefore appropriate.

---

[13] The Debtors also note that the Actions contain only threadbare assertions against the Debtors' former shareholders.  To say the least, it is unusual for plaintiffs to sue a public company's shareholders on claims such as those at issue in the Actions.

## **PRAYER FOR RELIEF**

WHEREFORE, the Debtors-Plaintiffs pray the Court to enter an order staying the Actions as to all Non-Debtor Defendants until the closing of the Debtors' bankruptcy cases.

[*signature page follows*]

15

Dated: July 17, 2020

*/s/ Robert J. Stearn, Jr.*

**RICHARDS, LAYTON & FINGER, P.A.**

Mark D. Collins (No. 2981)
Robert J. Stearn, Jr. (No. 2915)
John H. Knight (No. 3848)
Brett M. Haywood (No. 6166)
Christopher M. De Lillo (No. 6355)
J. Zachary Noble (No. 6689)
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:      (302) 651-7700
Facsimile:      (302) 651-7701
collins@rlf.com
stearn@rlf.com
knight@rlf.com
haywood@rlf.com
delillo@rlf.com
noble@rlf.com

—and—

**WHITE & CASE LLP**

Thomas E Lauria (admitted *pro hac vice*)
Matthew C. Brown (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 4900
Miami, FL 33131
Telephone:      (305) 371-2700
tlauria@whitecase.com
mbrown@whitecase.com

J. Christopher Shore (admitted *pro hac vice*)
David M. Turetsky (admitted *pro hac vice*)
Samuel P. Hershey (admitted *pro hac vice*)
1221 Avenue of the Americas
New York, NY 10020
Telephone:      (212) 819-8200
cshore@whitecase.com
david.turetsky@whitecase.com
samuel.hershey@whitecase.com

Jason N. Zakia (admitted *pro hac vice*)
111 South Wacker Drive
Chicago, IL 60606
Telephone:      (312) 881-5400
jzakia@whitecase.com

Ronald K. Gorsich (admitted *pro hac vice*)
Aaron Colodny (admitted *pro hac vice*)
Andrew Mackintosh (admitted *pro hac vice*)
Doah Kim (admitted *pro hac vice*)
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Telephone:      (213) 620-7700
rgorsich@whitecase.com
aaron.colodny@whitecase.com
amackintosh@whitecase.com
doah.kim@whitecase.com

*Co-Counsel to the Debtors and
Debtors-in-Possession*

AMERICAS 103140392